## BRASHEAR v. HUDSON, Sheriff.

Where a house and lot, which had been for some time in the hands of the sheriff under seizure, and from which he had received an amount in money for rent, is advertised for sale; and sold "with all the rents and revenues accruing thereon," the advertisement must be considered as referring to the rents accruing after its date. The purchaser cannot claim the rent previously received by the sheriff, which was money in his hands to be credited on the execution. *Per Curiam:* The object of judicial sales is to convert property into money. The sale by a sheriff of money in his hands under seizure, is a proceeding unheard of.

APPEAL from the District Court of St. Mary, *Boyce*, J. *Dwight*, for the appellant. *Gibbon*, for the defendant. The judgment of the court was pronounced by

ROST, J. The sheriff of the parish of St. Mary advertised a town lot to be sold under execution, with all the buildings and improvements thereon, together with all rents or revenues accruing on it. The french advertisement says, "*les rentes et intérêts en provenant.*" The lot had been at that time two years in the custody of the sheriff, and he had received rents upon it amounting to $420 28. The lot, together with the improvements thereon, was valued by the appraisers at $3,000; but they took no notice of the rents received by the sheriff. The plaintiff alleges that the property advertised was adjudicated to him by the sheriff for $2,000, and he now claims from him the amount received for rent previous to the sale, together with twenty per cent damages per annum thereon, for the unjust detention of that sum. The defendant filed a general

denial, and the case having been decided in his favor in the court below, the plaintiff appealed.

The plaintiff has not produced the title under which he holds, but he has introduced witnesses to prove its loss, and also that the adjudication was in conformity with the advertisement. Supposing these facts to be established, he is not entitled to recover. The sums collected by the sheriff for rents were money in his hands, which he was bound to credit on the execution. The object of judicial sales is to convert property into money. But the advertisement and sale by the sheriff of money in his hands under seizure, is a proceeding unheard of.

The advertisements clearly referred to the rents accruing after their date. The appraisers understood it so, and took no notice of the back rents.

If the judgment under which the property was sold has been satisfied, the defendant in execution may be entitled to recover the amount thus received by the sheriff. The plaintiff in this suit has no claim to it.

*Judgment affirmed,*